DEBORAH M. SMITH
Acting United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
(907) 271-5071

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INTERCEPTION OF WIRE COMMUNICATIONS TO AND FROM: <br><br> CELLULAR TELEPHONE NUMBER (907)250-8322, BEARING INTERNATIONAL MOBILE SUBSCRIBER IDENTITY NUMBER 310560120593540: SUBSCRIBED TO BY SHEMSHEDIN LIMANI, 4126 E. 8th AVENUE, ANCHORAGE, ALASKA HEREIN REFERRED TO AS **TARGET TELEPHONE** | Misc. No. 3:06-mc-00022-JWS <br><br> **APPLICATION FOR INTERCEPTION OF WIRE COMMUNICATIONS** <br><br> FILED UNDER SEAL |

I, Stephan A. Collins, Assistant United States Attorney, District of Alaska, United States Department of Justice, being duly sworn, states:

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an attorney authorized by law to prosecute or participate in the prosecution of United States federal felony offenses. I am also an attorney for the Government as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure, and, therefore, pursuant to Section 2516(3) of Title 18, United States Code, and pursuant to an application authorized by a duly designated official of the Criminal Division, Deputy Assistant Attorney General Barry Sabin, United States Department of Justice, pursuant to the power delegated to that official by special designation of the Attorney General (Order No. 2758-2005, dated February 24, 2005) and vested in the Attorney General by Section 2516 of Title 18, United States Code [A copy of such authorization is attached to this application as Attachment A,] I am authorized to make an application to a Federal judge of competent jurisdiction for an order authorizing the interception of wire communications over the above-described facilities.

2. This application is for an order pursuant to Section 2518 of Title 18, United States Code, authorizing the interception of wire communications for a

thirty (30) day period of  1) NEDZAT MIFTARI, a.k.a. Nick; 2) BEKIR SHABANI, a.k.a. Chile; 3) AZEM LIMANI, a.k.a.  Zach; 4) AGIM DELLOLI ; 5) GZIM VESELI, a.k.a. "Jimmy;" 6); AJDIN DZAFERI,  also known as (a.k.a.) "JOE;" and 7) ZAIM SELIMOSKI, a.k.a. "Zach," and others as yet unknown (hereinafter to be referred to collectively as the Targets and or Expected Interceptees) to and from the  to and from a cellular telephone bearing International Mobile Subscriber Identity (IMSI) number 310560120593540, subscribed to by SHEMSHEDIN LIMANI, 4126 E. 8th  Avenue, Anchorage, Alaska  with an assigned telephone number of (907) 250-8322 concerning federal felony offenses, that is, offenses involving violations of the following statutes:

    a. Title 21, United States Code, Section 841 - To Distribute and to Possess With Intent to Distribute a Controlled Substance, namely Cocaine;

    b.  Title 21, United States Code, Section 843 (b) - Use of a Communication Facility, to wit a Telephone, to Commit, Facilitate, or Further the Commission of a Title 21, United States Code drug felony offense;

    c. Title 21, United States Code, Section 846 - Conspiracy to Distribute and to Possess with Intent to Distribute a

Controlled Substance; and

d. Title 21, United States Code, Section 856 - Establishing or Maintaining a Business or Place for the Purpose of Manufacturing, Distributing, or Use of Controlled Substances; and

e. Title 18, United States Code, Sections 1956 and 1957 - Laundering of Monetary Instruments and Engaging in Monetary Transactions of Property Derived from Specified Unlawful Activities as Described in Title 18, United States Code, Section 1956(c)(7)(C), and Conspiracy to Commit the Foregoing in Violation of Title 18, United States Code, Sections 1956(h) and 1957.

3. I have discussed all of the circumstances of the above offenses with Detective Brian Balega, with the Anchorage Police Department, who is a Deputized Task Force Officer with the Untied States Drug Enforcement Administration (DEA) who has directed and conducted this investigation, and have examined the affidavit of Detective Balega of this date (attached to this application as Exhibit A, and which is incorporated by reference). Whereof your applicant states upon information and belief that:

a. there is probable cause to believe that the Targets and Expected Interceptees have committed, are committing and will continue to commit violations of the following: 1) Title 21, United States Code, Section 841 - To Distribute and to Possess With Intent to Distribute a Controlled Substance, namely Cocaine; 2) Title 21, United States Code, Section 843 (b) - Use of a Communication Facility, to wit a Telephone, to Commit, Facilitate, or Further the Commission of a Title 21, United States Code felony offense; 3) Title 21, United States Code, Section 846 - Conspiracy to Distribute and to Possess with Intent to Distribute a Controlled Substance; 4) Title 21, United States Code, Section 856 - Establishing or Maintaining a Business or Place for the Purpose of Manufacturing, Distributing, or Use of Controlled Substances; and 5) Title 18, United States Code, Sections 1956 and 1957 - Laundering of Monetary Instruments and Engaging in Monetary Transactions of Property Derived from Specified Unlawful Activities as Described in Title 18, United States Code, Section 1956(c)(7)(C), and Conspiracy to Commit the Foregoing in Violation of Title 18, United States Code, Sections 1956(h) and 1957.

b. there is probable cause to believe that particular wire communications of Targets and or Expected Interceptees concerning the above-described offenses will be obtained through the interception for which authorization is herein applied. In

particular, there is probable cause to believe that the communications to be intercepted will concern the telephone numbers of associates of the Targets and or Expected Interceptees and the dates, times and places for commission of the aforementioned federal felony offenses when the Targets and or Expected Interceptees communicate with their co-conspirators, aiders and abettors, and other participants in the conspiracy, thereby identifying the co-conspirators and aiders and abettors of the Targets and or Expected Interceptees and others as yet unknown, their places of operation. In addition, these communications are expected to constitute admissible evidence of the above-described offenses;

    c. normal investigative procedures have been tried and have failed, reasonably appear to be unlikely to succeed if tried, or are too dangerous to employ, as are described in further detail in the attached affidavit of Detective Brian Balega and

    d. there is probable cause to believe that cellular telephone bearing IMSI number 310560120593540, subscribed to by SHEMSHEDIN LIMANI, 4126 E. 8th Avenue, Anchorage, Alaska with an assigned telephone number of (907) 250-8322 is being, and will continue to be used in connection with the commission of the above-described offenses.

    The attached affidavit contains a full and complete statement of facts

concerning all previous applications that have been made to any judge of competent jurisdiction for authorization to intercept, or for approval of interception of wire, oral or electronic communications involving any of the same individuals, facilities, or places specified in this application.

On the basis of the allegations contained in this application and on the basis of the attached affidavit of Detective Brian Balega,

IT IS HEREBY REQUESTED that this Court issue an order, pursuant to the power conferred on it by Section 2518 of Title 18, United States Code, authorizing the United States Drug Enforcement Administration,, the United States Immigration and Customs Enforcement , the Internal Revue Service, Criminal Investigation Division, and officers of the Anchorage Police Department–while acting under the supervision and control of federal investigative or enforcement officers assigned to this matter–  and government personnel acting under the supervision of the federal investigative or enforcement officers assigned to this matter to intercept wire communications to and from the above-described  cellular telephone bearing IMSI number 310560120593540, subscribed to by SHEMSHEDIN LIMANI, 4126 E. 8th  Avenue, Anchorage, Alaska  with an assigned telephone number of (907) 250-8322 , and providing that such interceptions not terminate automatically after the first interception that reveals the

manner in which the alleged co-conspirators and others as yet unknown conduct their illegal activities, but continue until all communications are intercepted which reveal fully the manner in which the above-named persons and others as yet unknown are committing the offenses described herein, and which reveal fully the identities of their confederates, their places of operation, and the nature of the conspiracy involved therein, or for a period of thirty (30) days measured from the day on which investigative or law enforcement officers first begin to conduct an interception under this Court's order or ten (10) days after this order is entered, whichever is earlier.

   IT IS REQUESTED FURTHER that in the event that the target facility is transferred outside the territorial jurisdiction of this Court, interceptions may take place in any other jurisdiction within the United States.

   IT IS REQUESTED FURTHER that this Court issue an order pursuant to Section 2518(4) of Title 18, United States Code, directing that Dobson Cellular, a communication service provider as defined in Section 2510(15) of Title 18, United States Code, shall furnish, and continue to furnish, the applicant and investigative agency with all information, facilities and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services that such providers are according the persons whose

communications are to be intercepted, and to ensure an effective and secure installation of electronic devices capable of interception of wire communications to and from the above-described cellular telephone bearing IMSI number 310560120593540, subscribed to by SHEMSHEDIN LIMANI, 4126 E. 8th Avenue, Anchorage, Alaska , with an assigned telephone number of (907) 250-8322 with the service provider to be compensated by the applicant for reasonable expenses incurred in providing such facilities or assistance.

IT IS REQUESTED FURTHER that, to avoid prejudice to this criminal investigation, the Court order the said providers of wire communication service and their agents and employees not to disclose or cause a disclosure of this Court's order or the request for information, facilities and assistance by the United States Drug Enforcement Administration, the United States Immigration and Customs Enforcement , the Internal Revenue Service, Criminal Investigation Division, and officers of the Anchorage Police Department–while acting under the supervision and control of federal investigative or enforcement officers assigned to this matter– and government personnel acting under the supervision of the federal investigative or enforcement officers assigned to this matter, or the existence of the investigation to any person other than those of their agents and employees who require said information to accomplish the services hereby requested.  In particular, said

providers and their agents and employees should be ordered not to make such disclosure to a lessee, telephone subscriber, or any interceptee or participant in the intercepted communications.

IT IS REQUESTED FURTHER that this order shall be executed as soon as practicable and that all monitoring of wire communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted to those communications relevant to the pending investigation. The interception of wire communications must terminate upon the attainment of the authorized objectives, not to exceed thirty (30) days measured from the earlier of the day on which investigative or law enforcement officers first begin to conduct an interception of this order or ten (10) days after the order is entered.

Monitoring of conversations must terminate immediately when it is determined that the conversation is unrelated to communications subject to interception under Chapter 119, Title 18, United States Code. Interception must be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise, that none of the named interceptees or any of their confederates, when identified, are participants in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. If the conversation is minimized, the monitoring

agent shall spot check to insure that the conversation has not turned to criminal matters.

IT IS REQUESTED FURTHER that the Court order that either Assistant United States Attorney Stephan A. Collins, or any other Assistant United States Attorney familiar with the facts of this case, provide to the Court a report on or about the (tenth), (twentieth) and (thirtieth) days following the date of this order showing what progress has been made toward achievement of the authorized objectives and the need for continued interception. If any of the aforementioned reports should become due on a weekend or holiday, IT IS REQUESTED FURTHER that such report become due on the next business day thereafter.

IT IS REQUESTED FURTHER that the Court order that its orders, this application and the accompanying affidavit and proposed order(s), and all interim reports filed with the Court with regard to this matter be sealed until further order of this Court, except that copies of the order(s), in full or redacted form, may be served on the United States Drug Enforcement Administration, the United States Immigration and Customs Enforcement , the Internal Revenue Service, Criminal Investigation Division, and officers of the Anchorage Police Department–while acting under the supervision and control of federal investigative or enforcement officers assigned to this matter–  and government personnel acting under the

supervision of the federal investigative or enforcement officers assigned to this matter, and the service providers as necessary to effectuate the Court's order as set forth in the proposed order accompanying this application.

DATED this _26th_ day of _May_, 2006.

*Stephan Collins*
STEPHAN A. COLLINS
Assistant United States Attorney

SUBSCRIBED and SWORN to before me this _26th_ day of _May_, 2006.

**REDACTED SIGNATURE**

JOHN W. SEDWICK
United States District Court Judge
District of Alaska