IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INTERCEPTION OF WIRE COMMUNICATIONS TO AND FROM:<br><br>CELLULAR TELEPHONE NUMBER (907)250-8322, BEARING INTERNATIONAL MOBILE SUBSCRIBER IDENTITY NUMBER 310560120593540: SUBSCRIBED TO BY SHEMSHEDIN LIMANI, 4126 E. 8th AVENUE, ANCHORAGE, ALASKA HEREIN REFERRED TO AS **TARGET TELEPHONE** | ) Misc. No.  3:06-mc-00022-JWS<br>)<br>)<br>)<br>) ORDER AUTHORIZING THE<br>) INTERCEPTION OF WIRE<br>) COMMUNICATIONS<br>)<br>) FILED UNDER SEAL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Application under oath having been made before me by Stephan A. Collins, Assistant United States Attorney, District of Alaska, United States Department of Justice, an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and an attorney for the Government as defined in Rule 1(b)(1) of the Federal Rules of Criminal

Procedure, having received prior authorization to make this application by a duly designated official of the Criminal Division, Deputy Assistant Attorney General Barry Sabin, United States Department of Justice, pursuant to the power delegated to that official by special designation of the Attorney General (Order No. 2758-2005, dated February 24, 2005) and vested in the Attorney General by Section 2516 of Title 18, United States Code, for an Order authorizing the interception of wire communications pursuant to Section 2518 of Title 18, United States Code, and full consideration having been given to the matter set forth therein, the Court finds:

a. there is probable cause to believe that 1) NEDZAT MIFTARI, a.k.a. Nick; 2) BEKIR SHABANI, a.k.a. Chile; 3) AZEM LIMANI, a.k.a. Zach; 4) AGIM DELLOLI ; 5) GZIM VESELI, a.k.a. "Jimmy;" 6); AJDIN DZAFERI, also known as (a.k.a.) "JOE;" and 7) ZAIM SELIMOSKI, a.k.a. "Zach," and others as yet unknown (hereinafter to be referred to collectively as the Targets and or Expected Interceptees) have committed, are committing, and will continue to commit violations of 1) Title 21, United States Code, Section 841 - To Distribute and to Possess With Intent to Distribute a Controlled Substance, namely Cocaine; 2) Title 21, United States Code, Section 843 (b) - Use of a Communication Facility, to wit a Telephone, to Commit, Facilitate, or Further the Commission of a

Title 21, United States Code felony offense; 3) Title 21, United States Code, Section 846 - Conspiracy to Distribute and to Possess with Intent to Distribute a Controlled Substance; and 4) Title 21, United States Code, Section 856 - Establishing or Maintaining a Business or Place for the Purpose of Manufacturing, Distributing, or Use of Controlled Substances; and 5) Title 18, United States Code, Sections 1956 and 1957 - Laundering of Monetary Instruments and Engaging in Monetary Transactions of Property Derived from Specified Unlawful Activities as Described in Title 18, United States Code, Section 1956(c)(7)(C), and Conspiracy to Commit the Foregoing in Violation of Title 18, United States Code, Sections 1956(h) and 1957.

    b. there is probable cause to believe that particular wire communications of the Targets and or Expected Interceptees concerning the above-described offenses will be obtained through the interception for which authorization is herein applied. In particular, there is probable cause to believe that the communications to be intercepted will concern the telephone numbers of associates of the Targets and or Expected Interceptees and the dates, times, places and plans for commission of the aforementioned federal felony offenses when the Targets and or Expected Interceptees communicate with their co-conspirators, aiders and abettors and other participants in the conspiracy, thereby identifying the co-conspirators and others as

yet unknown, their places of operation. In addition, these communications are expected to constitute admissible evidence of the above-described offenses;

    c. It has been established adequately that normal investigative procedures have been tried and have failed, reasonably appear to be unlikely to succeed if tried, or are too dangerous to employ;

    d. there is probable cause to believe that cellular telephone number (907) 250-8322, bearing International Mobile Subscriber Identity (IMSI) number 310560120593540 subscribed to by SHEMSHEDIN LIMANI, 4126 E. 8th Avenue, Anchorage, Alaska has been, is being, and will continue to be used in connection with the commission of the above-described offenses.

    WHEREFORE, IT IS HEREBY ORDERED that Special Agents of the United States Drug Enforcement Administration, the United States Immigration and Customs Enforcement , the Internal Revenue Service, Criminal Investigation Divisions, and officers of the Anchorage Police Department–while acting under the supervision and control of federal investigative or enforcement officers assigned to this matter–  and government personnel under the supervision of Special Agents of the United States Drug Enforcement Administration, the United States Immigration and Customs Enforcement , the Internal Revenue Service, Criminal Investigation Divisions, and officers of the Anchorage Police Department, are authorized to

intercept wire communications over the above-described facilities.

PROVIDED that such interception(s) shall not terminate automatically after the first interception that reveals the manner in which the alleged co-conspirators and others as yet unknown conduct their illegal activities, but may continue until all communications are intercepted which fully reveal the manner in which the above-named persons and others as yet unknown are committing the offenses described herein, and which reveal fully the identities of their confederates, their places of operation, and the nature of the conspiracy involved therein, or for a period of thirty (30) days measured from the day on which investigative or law enforcement officers first begin to conduct an interception under this Order or ten (10) days after this Order is entered, whichever is earlier.

IT IS ORDERED FURTHER that, pursuant to 18 U.S.C. § 2518(3), in the event that the target facility is transferred outside the territorial jurisdiction of this court, interceptions may take place in any other jurisdiction within the United States.

IT IS ORDERED FURTHER that, based upon the request of the Applicant pursuant to Section 2518(4) of Title 18, United States Code, Dobson Cellular, a communication service provider, as defined in Section 2510(15) of Title 18, United States Code, shall furnish, and continue to furnish, the Applicant and the

investigative agency/agencies with all information, facilities, and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services that such providers are according the persons whose communications are to be intercepted, with the service providers to be compensated by the Applicant for reasonable expenses incurred in providing such facilities or assistance.

IT IS ORDERED FURTHER that, to avoid prejudice to the Government's criminal investigation, the above providers of wire communication service and its agents and employees are ordered not to disclose or cause a disclosure of this Order or the request for information, facilities, and assistance by the United States Drug Enforcement Administration, the United States Immigration and Customs Enforcement , the Internal Revenue Service, Criminal Investigation Division, and officers of the Anchorage Police Department, or the existence of the investigation to any person other than those of its agents and employees who require said information to accomplish the services hereby ordered. In particular, said providers and their agents and employees shall not make such disclosure to a lessee, telephone or paging device subscriber or any interceptee or participant in the intercepted communications.

IT IS ORDERED FURTHER that this order shall be executed as soon as

practicable and that all monitoring of wire communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted to those communications relevant to the pending investigation. The interception of wire communications must terminate upon the attainment of the authorized objectives, not to exceed thirty (30) days measured from the earlier of the day on which investigative or law enforcement officers first begin to conduct an interception of this order or ten (10) days after the order is entered.

Monitoring of conversations must terminate immediately when it is determined that the conversation is unrelated to communications subject to interception under Chapter 119, Title 18, United States Code. Interception must be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise, that none of the named interceptees or any of their confederates, when identified, are participants in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. If the conversation is minimized, the monitoring agent shall spot check to insure that the conversation has not turned to criminal matters.

IT IS ORDERED FURTHER that Assistant United States Attorney Stephan A. Collins, or any other Assistant United States Attorney familiar with the facts of

this case, shall provide this Court with a report on or about the (tenth), (twentieth) and (thirtieth) days following the date of this Order showing what progress has been made toward achievement of the authorized objectives and the need for continued interception. If any of the above-ordered reports should become due on a weekend or holiday, IT IS ORDERED FURTHER that such report shall become due on the next business day thereafter.

IT IS ORDERED FURTHER that this Order, the application, affidavit, and proposed Orders, and all interim reports filed with this Court with regard to this matter shall be sealed until further order of this Court, except that copies of the Orders, in full or redacted form, may be served on the United States Drug Enforcement Administration, the United States Immigration and Customs Enforcement , the Internal Revenue Service, Criminal Investigation Divisions, and officers of the Anchorage Police Department–while acting under the supervision and control of federal investigative or enforcement officers assigned to this matter– and government personnel acting under the supervision of the federal investigative

\\

\\

or enforcement officers assigned to this matter, and the service providers as necessary to effectuate this Order.

Dated and Entered this 26th day of May, 2006, at Anchorage, Alaska.

**REDACTED SIGNATURE**

JOHN W. SEDWICK
United States District Court Judge
District of Alaska